The next matter, number 171856, Kristen Blomquist et al. v. Horned Dorset Primavera, Inc. Good morning. Good morning to the Honorable Court. Roberto Lometa representing the plaintiffs. Your Honor, it's been said by this Court that overturning a jury verdict is an uphill fight, an uphill battle. We think that at the conclusion of a plaintiff's case in this particular matter, we were already on the crest of that hill. And the only thing that we needed to establish liability of the hotel was that there be proof that the hotel had knowledge that the guests had poured water and soap on the dance floor. Where did the soap come from? Excuse me? Where did the soap come from? That's disputed, Your Honor. My client testified that some of the hotel staff poured the soap and water on the floor, on the dance floor. We have to believe the jury didn't buy that. Absolutely. So why bother telling us? Absolutely. And not only that, there's a stipulated fact that the guests did it. So, you know, he testified that way on direct, but the fact that the Court has to assume to be correct is that it was the guests that poured the soap and the water. That said, Your Honor, it's our position that it's completely irrelevant. Who poured the soap and the water on the dance floor? Because hotels, and it's been decided in at least I think four cases that we cited in our brief, have a heightened duty of ensuring to their guests that there are no dangerous conditions. Suppose the jury, why couldn't the jury have reasoned that the hotel was aware and therefore had a duty to do something? And the duty to do something was to warn the guests and make sure the guests were aware of the slippery condition and that the hotel either did that or if they didn't do it to the plaintiff, if they didn't warn her, there was nevertheless no proximate causation because it found she knew anyhow and was out there slipping and sliding on the floor intentionally in her bathing suit. That's an interesting question, Your Honor. First of all, there is no evidence in this record that the plaintiffs, either of them, were ever told anything, either that there's water on the floor or that. But the example I just gave you assumed they didn't tell her. Okay, so there is a breach of the duty, the duty being they should warn. It's assumed there's a breach, but you also need proximate causation. You need to prove that had they warned her, then it would have prevented her from engaging in the accident. And when they found out or decided that she knew what the floor was like and was sliding anyhow, they could decide that the failure to give her a warning didn't cause anything. No, no, no, Your Honor. And the reason for that is that it's a stipulated fact that she slipped and fell on that particular wet and soapy dance floor. Right. But suppose she knew it was wet and soapy. All right. In that respect, it's clear. Doesn't that create a causal problem, a causation problem for you? No, Your Honor, because then there's another basis for liability. And that basis for liability is permitting the guest to engage. Good point. If the jury had found that the hotel's duty was to make sure no one got on the dance floor, then her defalcation would have been an assumption of risk, which the jury should have gotten to in a separate question, and they didn't. You'd have a good point. But what requires us to find that the jury would have necessarily decided that the duty was to keep people off the floor, as opposed to deciding that the duty was to make sure no one went on the floor without knowing what its condition was? Well, it's what a reasonable jury should have decided in the circumstances, and that's why we're here on a Rule 50 motion, Your Honor. On a Rule 50 motion, the court is required to assess whether a reasonable jury had sufficient evidence, to come to the conclusion that it came to. And based upon that, this court has to analyze whether or not a reasonable jury could decide that a hotel can permit wedding guests that were drunk, many of them, it was an open bar, can soap up this floor and then start slipping and sliding on it, which is inherently a dangerous activity, as acknowledged by Ms. Gouvernine. But when you look at the first jury question, which combines negligence and proximate cause, I mean, why couldn't the jury have determined that any breach of duty by the hotel was not the proximate cause of her injury? Because there are two causes, then. There would be two causes. The first cause is permitting the water and the soap to be on the floor. That's the breach. Admittedly, a... That's the breach. Yes, that's the breach. But as you know about the proximate cause, why could they not have concluded that the proximate cause was her conscious decision to slip and slide? Because she wouldn't have slipped and slid on that floor if it hadn't been soapy and wet to begin with. That's duty. It's a two-part. It has to be a breach of duty... Yes. ...which proximately causes. So they could have found that the hotel breached their duty by either not sufficiently warning or by allowing the condition to be in effect. But they could nonetheless have gone on to conclude that either of those breaches didn't proximately cause the injury. No, I disagree, Your Honor, because the basis for the plaintiff's negligence, if the plaintiff was negligent, that would be negligence of coming on the floor and assuming the risk of slipping and sliding on that floor. Well, first of all, there's no doctrine of assumption of risk in Puerto Rico. There's a discussion about the fireman rule in the district court's denial of the motion for summary judgment, and the district court says there's no such rule in Puerto Rico. There's no such assumption of liability, of risk. What there is is the doctrine of comparative negligence, and this is Puerto Rico law, and it's not contributory negligence. In other words, it's not if the plaintiff is negligent, then there's no liability on behalf of the defendant. Assuming that you have to assume these facts to be true, that, in fact, she did slip and slide, and there was controversy in the record with respect to that, but you must assume that she did slip and slide. And if you assume that, then she was negligent. She shouldn't have been doing that. She contributed to causing her own damages. The other cause that contributed to those damages was the hotel tolerating the situation, not only pouring soap and water on a dance floor that's sort of like the captain of the Hindenburg Hotel. The hotel didn't throw it on the dance floor. Excuse me? You're back to your first point, which we agreed was wrong, which was the hotel didn't put it on the dance floor. That's right. The guests put it on the dance floor. You're arguing the hotel's duty is that once they did that, the hotel had to prevent people from using it. And that brings you back to why in the jurors engaging what was reasonable and what was not, in the absence of any regulation or law, why couldn't the jurors have decided that the duty of reasonableness was to warn the guests as opposed to stop the guests? Well, I think that the hotel had a duty to effectively discharge its duty to take care of the guests, to ensure that... What you're really saying is that as a matter of law, the hotel was barred from allowing anyone to use that dance floor with the soap on it. I think so, Your Honor. I think that's... But you're not pointing to a regulation or a case. So when we usually want to know what's reasonable in the absence of a regulation or case, we turn to these things called juries. It's general tort law, Your Honor. It's like the captain of the Hindenburg allowing one of the passengers to have a barbecue on the blimp. It's obvious that there's damage that's going to happen. That's right, and there's a regulation for that, too. No barbecues. On blimps, I understand, Your Honor. Anyway, that is the issue with respect to the Rule 50. We think that the court, and if you read the transcript of when we presented that motion... Okay, I'm sorry. Thank you. Good afternoon, Your Honors. May it please the Court, Julio Cesar Callere Quigley. I represent Appalee, the Universal Insurance Company. The district court, in this case, did not err in its decision, in its opinion and order, confirming the jury verdict. This was a unanimous verdict in denying the Rule 50 motion and the Rule 59 motions. Plaintiffs have a high hurdle, as the counsel submitted. And this court has decided that it will not go into the credibility of the witnesses. It will not make any determinations regarding the evaluation of the evidence in terms of credibility. And if you do that, as you discussed during the counsel's proffer, the jury made a determination that the hotel wasn't negligent. You're saying the jury decided you weren't negligent? What's your basis for saying that? The opinion and order. But that's not what the verdict form gave a joint issue as to whether their negligence proximally caused. So that doesn't mean that the no meant no negligence. It could be no proximate causation. Indeed, if it was to say no negligence, then you'd really be asking us to say that what the hotel did even have a duty to warn? Well, going back to what Judge Thompson said, the first question on the verdict form is a two-pronged question. Even if the jury could have found that the hotel did, in fact, breach its duty, they didn't find that the duty breach was a proximate cause of the injuries suffered by Plaintiffs Christian and Blomquist. That's different than saying the jury found you weren't negligent. Well, when I said that, I said the opinion and order says that the jury found that the hotel wasn't negligent. And that's ECF 175 in the opinion and order by the magistrate judge. And so should we reverse for that grounds? Because it's demonstrably true that you could not say that the jury found no negligence. We don't know whether it was negligence or causation. No, I believe it was causation. I believe it was causation and the jury verdict, which was unanimous, should stand. Under Puerto Rico law, hotel keepers have a heightened and stringent duty of care towards their customers. And it's hard for me to imagine how even – this isn't as a matter of law a breach of that duty. Well, the hotel did warn the – But the hotel allowed. I mean, and the soap came – unless the guest brought soap from the drugstore, the soap came from somewhere on the hotel grounds. Well, Ms. Tuvanin, one of the defendant's witness, testified that after she warned directly the host of the wedding party, the groom, Mr. Michael Dixon, he, after her warning to stop the conduct, he went into the kitchen and brought out the soap from the kitchen and poured it onto the dance floor. But how does warning – how does warning the groom constitute warning Ms. Blomquist? Well, Ms. Blomquist is an invitee of the groom. Right, but she's a guest of the hotel. They have a duty to every guest. You don't – a hotel doesn't discharge their guests. There's a fire alarm at our hotel tonight. I hope they just don't tell Judge Thompson and not tell me. It's a duty to every guest. So given that there's no evidence here, as I understand it, that they warned Ms. Blomquist, I'd go and see how you can stand here and answer Judge Thompson's question by saying they warned. It seems to me you've got to defend this by saying there may well have been negligence, but there was no causation. And I believe that's exactly what happened. I believe that was the determination of the jury, that looking at all the facts and the evidence that was admitted, the jury determined that she knew of the condition, she participated actively in the condition, and the approximate cause of her damages were her own actions. This court has reiteratedly resisted the temptation to weigh the evidence and make its own credibility determinations. Neither of them is permitted, and that's what applicants are asking of you. President from the U.S. Supreme Court, cited by this court, established simply that this cannot be done. Appellate courts are not permitted to second-guess the jury's assessment in favor of appellee. And as Judge Lippis stated in his 2003 Acevedo Garcia opinion, this court has consistently declined to play Monday morning quarterback in reviewing a jury's assessment. The district court was correct in denying appellants Rule 50B and Rule 59 motions. Appellee Universal Insurance Company asks that this court affirm the judgment. If there's no further questions. Thank you. Thank you. All rise.